UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

VAUGHN JOHNSON,                    CIVIL ACTION NO. 1:19-CV-672-P
Petitioner

VERSUS                             JUDGE DEE D. DRELL

ICE, ET AL.,                       MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

ORDER OF TRANSFER

Before the Court is a Complaint (Doc. 1) filed under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] or 28 U.S.C. § 2241, and several motions (Docs. 3, 4, 5) filed by pro se Plaintiff Vaughn Johnson ("Johnson") (#A096335944). Johnson filed suit in the United States District Court for the Southern District of Florida, which transferred the case to this Court. (Doc. 8). At the time of filing, Johnson was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") incarcerated at the Etowah County Detention Center in Gadsden, Alabama. (Doc. 1).

Because § 2241 jurisdiction is lacking and venue under Bivens is improper in this Court, Johnson's case should be TRANSFERRED to the United States District Court for the Northern District of Alabama.

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

## I.    Background

Johnson was convicted of making a false statement on a passport application in violation of 18 U.S.C. § 1542.  (Case No. 6:10-cr-238, M.D. Fla.).  While on supervised release, Johnson again made a false statement on a passport application. (Case No. 6:15-cr-003, M.D. Fla.).  Johnson was also convicted in the United States Virgin Islands of wire fraud.  Johnson v. Immigration & Customs Enf't, 13-cv-080, 2014 WL 1912355 (S.D. Ga. May 12, 2014).

Johnson was ordered removed from the United States.  When he filed his Complaint in the Southern District of Florida, Johnson was in DHS/ICE custody at the Etowah County Detention Center in Gadsden, Alabama.  (Doc. 1, pp. 76-77). Some time before April 26, 2019, Johnson was transferred from Alabama to Louisiana and removed from the United States.  (1:19-cv-152, Doc. 22).  On May 23, 2019, the Southern District of Florida issued an Order of Transfer to this Court.  (Doc. 8).  The transfer was premised on an understanding that Johnson was incarcerated in Louisiana.  (Doc. 8).

## II.    Law and Analysis

Johnson labels his Complaint as one under Bivens, but he also challenges his custody and removal.  Jurisdiction over a § 2241 petition is determined at the time an action is filed.  See Lee v. Wetzel, 244 F.3d 370, 373-375 (5th Cir. 2001). Jurisdiction over a habeas petition is not destroyed by the transfer of the petitioner and accompanying custodial change.  See Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014); 28 U.S.C. §2241(a); see also Ex parte Mitsuye Endo, 323 U.S. 283, 306-07

2

(1944) ("[P]ower 'to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty'… may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court."); Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release, citing Endo); Prevatte v. Gunja, 167 Fed. Appx. 39, 42 (10th Cir. 2006), cert. den., 549 U.S. 1118 (2007); Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005), cert. den., 547 U.S. 1149 (2006); Lee, 244 F.3d at 375 n. 5; Santillanes v. United States Parole Commission, 754 F.2d 887, 888 (10th Cir. 1985); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990); Sweat v. White, 829 F.2d 1121, *1 (4th Cir. 1987); Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981); McClure v. Hopper, 577 F.2d 938, 939-40 (5th Cir. 1978), cert. den., 439 U.S. 1077 (1979); Bishop v. Medical Superintendent of Ionia State Hospital, 377 F.2d 467, 468 (6th Cir. 1967); see also Linares v. Department of Homeland Security, 2015 WL 1138508, *1 at n.1 (N.D. Ala. 2015); Olson v. English, 2015 WL 151022 (N.D. Fla. 2015); Dotson v. U.S., 2013 WL 1786568, *1 at n. 1 (S.D. Ga. 2013), report and recommendation adopted, 2013 WL 1786559 (S.D. Ga. 2013); Garcia-Flores v. U.S., 2012 WL 6045916, *6 (S.D. Ala. 2012), report and recommendation adopted, 2012 WL 6048938 (S.D. Ala. 2012); Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008); Saho v. Streiff, 2008 WL 2622823, *3 (S.D. Ala. 2008); Felix v. Streiff, 2008

WL 7117651, *1 (S.D. Ala. 2008); Jian Bin Tang v. Gonzales, 2006 WL 3628061, *1 (N.D. Fla. 2006) Hanna v. Pettiford, 2006 WL 2223996, *2 (N.D. Fla. 2006).

The Eleventh Circuit has agreed with the other circuits.  See Diaz v. U.S., 580 Fed. Appx. 716, 717 (11th Cir. 2014) (where Diaz was incarcerated in Kentucky when he filed his § 2241 petition in the Southern District of Florida, and was transferred to South Carolina, the Florida court lacked jurisdiction to review his petition); U.S. v. Means, 572 Fed. Appx. 793 (11th Cir. 2014) (where Means was incarcerated in Kentucky when he filed his § 2241 petition in Alabama, the Alabama court lacked jurisdiction to consider the petition); U.S. v. Tubby, 546 Fed. Appx. 869, 874 n. 6 (11th Cir. 2013) (Tubby was incarcerated in Texas when he filed his § 2241 petition in Florida, so the Florida court lacked jurisdiction to review it); Garcia v. Warden, 470 Fed. Appx. 735, 736 (11th Cir. 2012) (Garcia was incarcerated in the Southern District of Florida when he filed his § 2241 petition there, but the petition was incorrectly construed as a § 2255 petition and transferred to the Northern District of Florida, which did not have jurisdiction over Garcia's § 2241 petition); Westine v. Scott, 356 Fed. Appx. 254, 255 (11th Cir. 2009) (Westine was required to file his § 2241 petition in the juridical district where he was incarcerated); U.S. v. Nickson, 521 Fed. Appx. 867, 869 (11th Cir. 2013), cert. den., 135 S.Ct. 386 (U.S. 2014) ("A § 2241 petition must be brought in the district in which the inmate is incarcerated.").

Moreover, venue for a Bivens claim is determined by 28 U.S.C. § 1391(b), which provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant

resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Stafford v. Briggs, 444 U.S. 527, 544 (1980).

Defendants named are DHS/ICE officials and Etowah County Sheriff Jonathan Horton.   None of the defendants are located in this judicial district.   Moreover, Johnson was not in DHS/ICE custody in Louisiana at the time of filing or at the time of transfer.

Therefore, whether construed under § 2241 or Bivens, jurisdiction and venue are not proper in this Court.  Because Johnson was in custody in the United States District Court for the Northern District of Alabama at the time of filing; and Sheriff Horton is located in that judicial district; and noting that Johnson has a current and nearly identical Bivens action pending in that judicial district (4:18-cv-2114) against the same Defendants, Johnson's case should be TRANSFERRED to the United States District Court for the Northern District of Alabama.

III.   **Conclusion**

Because § 2241 jurisdiction is lacking and venue under Bivens is improper in this Court, IT IS ORDERED that this case is hereby TRANSFERRED to the United States District Court for the Northern District of Alabama for further proceedings. 28 U.S.C. §§ 1406(a), 2241.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this

__5th___ day of June, 2019.

_____

Joseph H.L. Perez-Montes
United States Magistrate Judge
